FILED IN CLERK'S OFFICE
J.S.D.C.-Atlanta

JAN 1 4 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

*ORIGINAL*

| | |
|---|---|
| **RONALD S. LEVENTHAL,** an Individual, Directly, Derivatively on behalf of Post Properties, Inc., a Georgia corporation, and Representatively on behalf of all other similarly situated Shareholders of Post Properties, Inc., a Georgia corporation, | : : : : : : : **CIVIL ACTION FILE NUMBER: 1:04-CV-1445-JTC** |
|     **Plaintiff,** | : : |
| **v.** | : : |
| **ROBERT C. GODDARD, III,** an Individual and as Chairman of the Board of Post Properties, Inc., a Georgia corporation, **DAVID P. STOCKERT,** an Individual, **SHERRY W. COHEN,** an Individual, **JOHN T. GLOVER,** an Individual, **CHRISTOPHER J. PAPA,** an Individual, **THOMAS D. SENKBEIL,** an Individual, and **THOMAS L. WILKES,** an Individual, | : : : : **JUDGE JACK T. CAMP** : : : : : : : : **MOTION TO DISQUALIFY** |
|     **Defendants,** | : : : **THE LAW FIRM OF KING AND SPALDING LLP (INCLUDING ITS PARTNERS) AS COUNSEL** |
| **AND POST PROPERTIES, INC.,** a Georgia corporation, | : : **FOR INDISPENSABLE PARTY AND NOMINAL DEFENDANT POST** |
|     **Indispensable Party and Nominal Defendant.** | : : **PROPERTIES, INC.** : : |

**January 14, 2005**

**MOTION TO DISQUALIFY
THE LAW FIRM OF KING AND SPALDING LLP
(INCLUDING ITS PARTNERS) AS COUNSEL FOR
INDISPENSABLE PARTY AND NOMINAL DEFENDANT
POST PROPERTIES, INC.**

**COMES NOW**, the Plaintiff, Ronald S. Leventhal, an Individual, directly, *In Propria Persona* (**"Directly"**), derivatively on behalf of defendant Post Properties, Inc. **("Derivatively")** and representatively on behalf of all the shareholders of Post Properties, Inc. **("Representatively")** and pursuant to L.R. 7.1 N.D. Ga. and files this MOTION TO DISQUALIFY THE LAW FIRM OF KING AND SPALDING LLP (INCLUDING ITS PARTNERS) AS COUNSEL FOR INDISPENSABLE PARTY AND NOMINAL DEFENDANT POST PROPERTIES, INC. (the "**Motion**"). Leventhal proceeds, *in propria persona*, including Derivatively and to the extent permissible, Representatively. As to all capacities, Leventhal, is hereinafter referred to as **("Plaintiff"** or **"Leventhal").**

Leventhal moves this Court to disqualify the Law Firm of King and Spalding LLP and each and every attorney who is employed by, a partner in, or "of counsel" to the Law Firm of King and Spalding LLP ("**K & S**") from legally representing the Indispensable Party and Nominal Defendant Post Properties, Inc. ("**Post**"), and of any legal representation of any director, officer or employee of Post, K & S, or either, in the above-styled matter.

Leventhal shows that K & S should be disqualified and barred from any representation of, among others, Post, because of, among other things, irreconcilable conflicts of interest and being an essential witness in this and another matter.[1] This conflict includes the actions taken by K & S in the Vasquez Matter, identified infra, which were, at least, more beneficial to the Individual Defendants rather than providing, apparently, any real benefit to Post, in violation of legal precedent.

The conflict also includes the actions taken by K & S in the matter at bar, which were protective of the Individual Defendants rather than Post, which actions were in violation of case law (including, as is discussed in more detail in the Brief, that (1) counsel who has represented a corporation or its officers and directors cannot be counsel for an investigation which evaluates the corporation's interests as against and from those officers and directors, because (2) such counsel is not truly independent, (3) would be biased toward the directors and officers whom counsel serves, and (4) would have ethical conflicts). K & S was aware of the

---

[1] For the purposes of this Motion, terms uses in the singular, such as "witness," include the plural. For example, Post as a "witness" includes not only the corporate entity, but its directors, officers and employees. Further, all terms not defined herein should have the same meaning as ascribed to them in the Record of this matter.

statutory and law, aware of the conflict and was reminded of the conflict, as the facts show, by Leventhal, yet chose to continue to represent Post.

In support of this [Verified] Motion, Leventhal refers this Honorable Court to the Brief and Memorandum of Law in Support of the Motion and other supporting documents filed concurrently herewith, as well as the entire record of this matter, which Leventhal requests this Court judicially notice as part of its deliberations hereof.

## FACTS

### *Post History*

1.

Post is a Georgia public self-administered and self-managed equity real estate investment trust (REIT).

2.

Historically, Post has developed and managed high end "Post quality" apartment communities; recently, however, the management of Post has shifted income from the maintenance and operation of its properties to the pockets of some executives and board members through excessive compensation packages, unnecessary "benefits of employment", disposing of apartment complexes or Stores at less than market value and other interests not for the benefit of Post. See Complaint and Amended Complaint, on file with this Court and incorporated herein by this reference.

3.

Plaintiff is and has been a Shareholder in Post since December, 2003; the Wrongs and misconduct by Post and the Individual Defendants for which claims are asserted and equitable relief sought, occurred since Plaintiff acquired his shares and continue.

***Individual Defendants***

4.

The Wrongs and misconduct were accomplished by the intentional acts, gross negligence and active concealment by members of the Board of Directors of Post, Defendants Robert C. Goddard, III ("**Goddard**"), David P. Stockert ("**Stockert**"), Sherry W. Cohen ("**Cohen**"), John T. Glover ("**Glover**"), Christopher J. Papa ("**Papa**"), Thomas D. Senkbeil ("**Senkbeil**") and Thomas L. Wilkes ("**Wilkes**"), all collectively referred to herein as the ("**Individual Defendants**").

***K & S and the Vasquez Matter***

5.

Certain misconduct was raised in another derivative case against certain of the Defendants in AMY VASQUEZ, on behalf of herself and all other similarly situated and derivatively on behalf of POST PROPERTIES, INC., CLEM FOWLER, individually and on behalf all other similarly situated and derivatively on behalf of POST PROPERTIES, INC. vs. Defendants ROBERT L. ANDERSON, ARTHUR M. BLANK, HERSCHEL M. BLOOM, RONALD de WAAL, RUSSELL R. FRENCH, JOHN T. GLOVER, ROBERT C. GODDARD III, CHARLES E. RICE, DAVID P. STOCKERT, L. BARRY TEAGUE and

JOHN A. WILLIAMS, ROBERT C. GODDARD III, ROBERT L. ANDERSON, HERSCHEL M. BLOOM, RUSSELL R. FRENCH, JOHN T. GLOVER, CHARLES E. RICE, DAVID P. STOCKERT, L. BARRY TEAGUE and RONALD de WAAL," Fulton Superior Court Case Numbers 2003CV69140 and 2003CV69608, filed May 2, 2003 (the "**Vasquez Matter**").

6.

K & S provided legal representation to Post in the Vasquez Matter, including appearing by and through Mr. M. Robert Thornton, Attorney at Law ("**Mr. Thornton**") and Mr. B. Warren Pope, Attorney at Law ("**Mr. Pope**").

7.

The representation by K & S of Post in the Vasquez Matter included representation at the September 30, 2004 hearing on motions and the settlement of the Vasquez Matter (the "**Vasquez Settlement Hearing**").

8.

A true, correct and complete certified copy of the Transcript of the Vasquez Settlement Hearing is filed in this Record on or about January 5, 2005 by the court reporter; a relevant excerpt is attached to this Motion as "Exhibit A" and made a part hereof (the "**Vasquez Transcript Section**").

9.

As part of the Vasquez Matter Settlement, Ms. Christi A. Cannon, attorney at law and a counsel of record for Plaintiff Vasquez ("**Ms. Cannon**"), submitted the "Affidavit of Christi A. Cannon in Support of Final Approval of Settlement" (the "**Cannon Affidavit**").

10.

A true, correct and complete copy of the portion of Cannon Affidavit providing evidence as to "discussing" through "interviews" is attached to this Motion as "Exhibit B" and made a part hereof.

11.

The Cannon Affidavit contained the purported "evidence" in support of the settlement of the Vasquez Matter.

12.

In the Cannon Affidavit, Ms. Cannon admits that her testimony is based upon information received from "counsel for the Post Board member Defendants . . . " and discussions with Defendants Goddard and Stockert, let alone cross examined anyone, on oath.

13.

There is no evidence in the Cannon Affidavit that Ms. Cannon, her client or

anyone else representing her client or Plaintiff Fowler, spoke with any employee or member of Post other than Defendants Goddard and Stockert.

14.

The Cannon Affidavit evidences that K & S was involved in various matters of Post prior to this action.  Cannon Affidavit, Para. 12.

15.

K and S provided legal representation to Post prior to the Vasquez Matter, as well as prior to Derivative Demand by Leventhal and since the time Leventhal became a Shareholder in Post, receiving legal fees as compensation from Post.

16.

The Cannon Affidavit evidences that unknown counsel, possibly K & S, worked with the members of the Post Board on "wording to be used in the press release" regarding the Fox and Gray terminations, and advised members of the Post Board that it did not need to appoint an independent committee to evaluate letters to Post from GID.  Cannon Affidavit, Para. 14.

17.

The effective (*ab initio*) date of the settlement of the Vasquez Matter was determined by the counsel in the Vasquez Matter as May 22, 2003. Vasquez Transcript Section, P. 9.

18.

Upon information and belief, the purpose of setting the date of settlement of the Vasquez Matter to May 22, 2003 (well over a year prior to the actual settlement hearing of September, 2004) was to attempt to cause the release provided to the Individual Defendants retroactive to a period prior to the time Leventhal became a shareholder, among other reasons, in order to attempt to argue that the Concerns raised by Leventhal were covered by the Vasquez Matter Settlement; Leventhal nevertheless believes said argument is ineffective since as the Complaint and Amended Complaint show, even matters addressed in the Vasquez Matter have and continue to have a financial impact on Leventhal and the other Shareholders and have resulted in new mispresentations and other wrongful action by the Defendants.

19.

In the Vasquez Transcript, the attorney for certain individual defendants in the Vasquez Matter, Mr. John L. Latham, attorney at law, of Alston & Bird, LLP -- who also represents the Individual Defendants in the instant matter -- ("**Mr. Latham**") referred to the Cannon Affidavit but stated that it was only Ms. Cannon's "interpretation of the interviews." Vasquez Transcript Section, P. 25.

20.

Ms. Cannon did not appear at the Vasquez Settlement Hearing, notwithstanding Leventhal requested, but was not granted, an evidentiary hearing therein.

21.

K & S, on behalf of Post and by and through attorney Mr. Pope, joined and adopted all statements made by Mr. Latham at the Vasquez Settlement Hearing. Vasquez Transcript Section, P. 31.

22.

Leventhal filed the "Affidavit of Ronald S. Leventhal" in the Vasquez Matter on September 30, 2004 (the "**Leventhal Affidavit**").

23.

A true, correct and complete copy of the Leventhal Affidavit is attached to this Motion as "Exhibit C" and made a part hereof.

24.

Leventhal was told by Ms. Cannon (a Vasquez class and derivative counsel) that the Complaint filed in the Vasquez Matter was possibly defective because it violated the ninety (90) day rule for derivative actions required under O.C.G.A. § 14-2-742. Leventhal Affidavit, Para. 6.

25.

None of the counsel for the Vasquez Defendants, including K & S, filed a Motion to Dismiss the Vasquez Complaint based upon this confessed, (concerned) defect.

26.

The Vasquez Matter was settled with no financial benefit to Post, with the sole payment of Three Hundred Thousand and No/100 Dollars ($300,000.00) to the law firms which represented Plaintiff Vasquez and Plaintiff Fowler.

27.

In the Vasquez Matter, K & S actively supported, approved, urged and recommended the payment of the $300,000.00 to the attorneys for the Vasquez Plaintiffs, all or a portion of it paid from insurance proceeds from a policy whose premiums are paid by Post, with no payment to the Plaintiffs or Shareholders of Post, with no contribution from the Individual Defendants.

28.

As part of the settlement of the Vasquez Matter, K & S supported a provision that certain of the Individual Defendants, including Glover, Goddard, Stockert and Teague, obtained, providing for broad releases for misconduct, so those Defendants could assert the settlement in the Vasquez Matter as a bar to this

Complaint, without those Individual Defendants paying any consideration therefore.

29.

As discussed in more detail in the Brief, the Court in the Vasquez Matter approved the Vasquez Settlement without evaluating all required criteria on the record, including: (a) the likelihood of success; (b) the range of possibly discovery; (c) the point on or below range of discovery at which settlement is fair, adequate and reasonable; (d) complexity, expense and duration of litigation; (e) substance and amount of opposition to settlement and (f) stage of proceedings at which settlement was achieved, all without applying any analysis to the Three Hundred Thousand and No/100 Dollars ($300,000.00) payment by Post to counsel for Vasquez.

30.

The totality of the circumstances surrounding the Vasquez Matter and Vasquez Settlement, which is on appeal, manifestly evidences, among other things, the conflict of K & S.

### *K & S and members of the Post Board*

31.

At least two (2) of the Board members of Post are or were with K & S; they

are John T. Glover and Director Herschel M. Bloom; Defendant and former Director Glover (directed the use of East Lake Country Club) ("**Perks**").

32.

Another director of Post, Russell R. French, was with K & S, serves on the Board of Directors of Post ("**Directors**"), but this fact is <u>not</u> included in Post's proxy materials Leventhal has reviewed.

33.

Many of the controlling attorneys at K & S have close business and personal ties with members of Post's Board, including but not limited to with the Individual Defendants and consequently are interested parties.

34.

The Individual Defendants, members of the Board of Post, continue to engage K & S and pay <u>huge</u> legal fees to K & S.

### *K & S and its written communications with Leventhal*

35.

Leventhal addressed his "Concerns" about the wrongs and misconduct in various communications with Post, including but not limited to a Derivative Demand Letter, to which K & S responded.

36.

On December 18, 2003, Leventhal sent Defendant Goddard, in care of Post, a letter raising concerns about events at Post. A true, correct and complete copy of this letter is in the Record of this matter (the "**December 18th Letter**").

37.

On February 4, 2004, Leventhal sent the proper Derivative Demand Letter pursuant to O.C.G.A. § 14-2-742 to Post due to Concerns about the Wrongs and misconduct. (the "**Derivative Demand"**). A true, correct and complete copy of the Derivative Demand is in the Record of this matter (the "**Derivative Demand Letter**").

38.

In the Derivative Demand Letter, Leventhal noted that Post had ninety (90) days in which to respond, with Leventhal having the responsibility of waiting ninety (90) days from the date of the Derivative Demand Letter before filing a derivative complaint, absent extenuating circumstances.

39.

On February 13, 2004, K & S responded to the Derivative Demand Letter by and through Mr. Thornton (the "**K & S February 13th Letter**"). A true, correct and complete copy of the K & S February 13th Letter is attached to this Motion as

"Exhibit D" and made a part hereof.

40.

In the K & S February 13th Letter, K & S responded "[o]n behalf of Mr. [Defendant] Goddard and Post . . . "   K & S February 13th Letter, P. 1, Para. 1, Sentence 1.

41.

In the K & S February 13th Letter, K & S also confirmed its knowledge that it had ninety (90) days in which to respond to the Derivative Demand Letter, and that Leventhal had to wait for ninety (90) days to file a derivative complaint.

42.

On February 20, 2004, Leventhal responded to the K & S February 13th Letter (the "**February 20th Leventhal Letter**").  A true, correct and complete copy of the February 20th Leventhal Letter is attached to this Motion as "Exhibit E" and made a part hereof.

43.

In the February 20th Leventhal Letter, Leventhal noted he had communicated with Defendant Cohen regarding his Concerns and that the Vasquez Matter was on the calendar for a proposed settlement, which Leventhal believed should have been disclosed during the 2004 Post Conference Call to all Shareholders and analysts.

- 12 -

44.

On March 27, 2004, Leventhal sent a letter to Goddard requesting an accounting (the "**Accounting Request**").  A true, correct and complete copy of the Accounting Request is in the Record of this matter.

45.

In the Accounting Request, Leventhal requested Post's corporate records pursuant to O.C.G.A. §§ 14-2-1602, 1620 (the "**Inspection Statute**"), requesting the inspection of certain corporate records for the purposes of ascertaining the health of his investment, and broaching Concerns he had, including the effectiveness of Post's executive management and about the operations, management, listing arrangements, sale of properties and the adequacy of Post's financial disclosures.

46.

On April 2, 2004, K & S responded to the Accounting Request by and through Mr. Thornton (the "**K & S April 2nd Letter**").  A true, correct and complete copy of the K & S April 2nd Letter is attached to this Motion as "Exhibit F" and made a part hereof.

47.

In the K & S April 2nd Letter, K & S responded "[o]n behalf of Mr.

[Defendant] Goddard and Post . . . "   K & S April 2nd Letter, P. 1, Para. 1, Sentence 1.

48.

In the K & S April 2nd Letter, K & S stated it required proof of Leventhal's status as a Post Shareholder.

49.

On April 2, 2004, Leventhal responded to the K & S April 2nd Letter with a copy of a statement of proof of ownership ("**Leventhal April 2nd Response**"). A true, correct and complete copy of the Leventhal April 2nd Response is in the Record of this matter.

50.

On April 5, 2004, K & S responded to the March 27, 2004 letter of Leventhal by and through Mr. Thornton (the "**K & S April 5th Letter**"). A true, correct and complete copy of the K & S April 5th Letter is attached to this Motion as "Exhibit G" and made a part hereof.

51.

In the K & S April 5th Letter, K & S responded "[o]n behalf of Mr. [Defendant] Goddard and Post . . . "   K & S April 2nd Letter, P. 1, Para. 1, Sentence 1, and partially reversed the K & S April 2nd Letter now stating it would provide some records.

- 14 -

52.

On April 5, 2004, Leventhal wrote to K & S to confirm that he would arrive at the Post corporate offices at 2:00 p.m. for documents responsive to the Accounting Request (the "**Leventhal April 5th Letter**").

53.

A true, correct and complete copy of the Leventhal April 5th Letter is in the Record of this matter.

54.

On April 8, 2004, Leventhal wrote to K & S to discuss the fact that Defendant Cohen had provided minimal documents on April 5, 2004 (the "**Leventhal April 8th Letter**"). A true, correct and complete copy of the Leventhal's April 8th Letter is attached hereto as "Exhibit H" and made a part hereof.

55.

In the Leventhal April 8th Letter, Leventhal also communicated to K & S Leventhal's confusion over K & S representing both Defendant Goddard and Post, noting that K & S seemed to be in a "horrible position of conflict of loyalty and duty." Leventhal April 8th Letter, fn. 1.

56.

In the Leventhal April 8th Letter, Leventhal voiced his belief that an "independent firm" should be involved and reminded K & S that its duty was to the Shareholders and not the Board members or officers of Post. Leventhal April 8th Letter, P. 5.

57.

On May 3, 2004, K & S wrote to Leventhal in response to the Derivative Demand Letter, now purportedly solely on behalf of Post (the "**K & S May 3rd Letter**").

58.

A true, correct and complete copy of the K & S May 3rd Letter is attached to this Motion as "Exhibit I" and made a part hereof.

59.

In the K & S May 3rd Letter, K & S states the Special Litigation Committee hired it "as its legal counsel to assist in conducting the investigation and to report its findings" and that Leventhal did not have standing to pursue a derivative claim, and K & S would seek reimbursement of attorney's fees from Leventhal if Leventhal did not accept the rejection of the Derivative Demand, as compared to paying counsel for Vasquez and not seeking a reimbursement of attorney's fees.

60.

On May 4, 2004, Leventhal responded to the K & S May 3rd Letter, noting the inadequacy of the alleged findings of the "investigation" and stating that depositions of members of the Special Litigation Committee were required ("**Leventhal May 4th Letter**").

61.

A true, correct and complete copy of the Leventhal May 4th Letter is attached to this Motion as "Exhibit J" and made a part hereof.

### *K & S and its involvement with various meetings*

62.

On March 18, 2004, Post, the Individual Defendants and K & S held a telephonic meeting of the Board of Directors (not an executive session) of Post to discuss the Derivative Demand (the "**Derivative Demand Discussion Meeting**").

63.

Minutes of the Derivative Demand Discussion Meeting, in a written report, evidence that attendees included Defendants Goddard, Stockert and Cohen, along with K & S (the "**March 18th Derivative Demand Discussion Meeting Minutes Report**").

64.

The March 18th Derivative Demand Discussion Meeting Minutes Report evidences that Post and the Individual Defendants and K & S formed the purported Special Litigation Committee ("**Special Litigation Committee**").

65.

The Special Litigation Committee was formed purportedly to investigate, in "good faith" and with "independent directors," those (ongoing) directors were Russell R. French, Nicholas P. Paumgarten and Charles E. Rice.

66.

In addressing Concerns set forth in the Derivative Demand Letter, the Special Litigation Committee was also authorized to "engage such advisors and experts, including legal counsel, at Post's expense" to assist in the investigation.

67.

On March 18, 2004, the "Special Litigation Committee" held its first meeting, telephonically, to discuss the role of the "Special Litigation Committee" in investigating the Derivative Demand Letter (the "**First Special Litigation Committee Meeting**").

68.

Minutes of the First Special Litigation Committee Meeting, in a written

report, evidence that attendees included Defendant Cohen, along with four (4) current and former members of K & S (the "**March 2004 First Special Litigation Committee Report**").

69.

The March 18th First Special Litigation Committee Report evidences that the Special Litigation Committee, with the four (4) members of K & S, decided to engage K & S to assist in the purported investigation.

70.

On April 28, 2004, the "Special Litigation Committee" held a telephonic meeting (the "**April 2004 Second Special Litigation Committee Meeting**").

71.

Minutes of the April 2004 Second Special Litigation Committee Meeting, in a written report, evidence that attendees included Defendant Cohen, along with members of K & S.(the "**April 2004 Second Special Litigation Committee Report**").

72.

The April 2004 Second Special Litigation Committee Report evidences that the committee met to review "the results of King and Spalding LLP's investigation . . . ", with attendees including Defendant Cohen, three (3) members of the Post

- 19 -

Board and five (5) current and former attorneys for K & S.

73.

Based upon the K & S investigation, the "Special Litigation Committee" determined there would be no further investigation, and deemed Leventhal's Derivative Concerns to be without merit.

74.

The Board Meetings of Post and the Special Litigation Committee meetings were not held in any executive sessions, as evidenced by the Minutes.

### *K & S continues to represent Post*

75.

Leventhal filed the Original Complaint on May 13, 2004, (filing an Amended Verified Complaint on November 19, 2004), removed by K & S to this Court on May 21, 2004.

76.

A hearing was held on Leventhal's Motion for Expedited Hearing and Order for Inspection of Records, and Post stated it would produce additional documents pursuant to a Confidentiality Agreement drafted by K & S that Leventhal agreed to sign.

77.

K & S did not and cannot, in good faith, exercise independent judgment required of professionals because, among other things: (A) K & S and its members are too financially dependent, as to representing Post, on the Individual Defendants to be disinterested; (B) it appears that a decision was made regarding the conclusive desire -  a proclamation that Plaintiff's Derivative Demand was unwarranted; (C) the individuals were especially selected to endorse this pre-determined conclusion and (D) this is further evidenced by K & S participation in the Vasquez Matter and its settlement designed to benefit the Individual Defendants and consequently K & S.

78.

In addition to notifying K & S on April 8, 2004 that Leventhal believed K & S is conflict with respect to its representation of Post in this matter, Leventhal requested K & S withdraw as counsel in December, 2004.

79.

K & S through it attorneys are witnesses to at least the following:

   a.    Facts surrounding the Vasquez Matter, including, but not limited to, the rationale behind settlement release of Individual Defendants, without consideration, and payments made solely

- 21 -

to the Vasquez attorneys with no fund for their clients and the Shareholders of Post ("Shareholders");

b.      Facts surrounding the Derivative Demand Discussion Meeting and investigation, including the discussion regarding the Concerns of Leventhal and how to thwart Leventhal's attempts to hold the Individual Defendants responsible for their improper actions;

c.      Facts surrounding the March 18th Derivative Demand Discussion Meeting Report;

d.      Facts surrounding the Special Litigation Committee and investigation;

e.      Facts surrounding the First Special Litigation Committee Meeting;

f.      Facts surrounding the March 2004 First Special Litigation Committee Report;

g.      Facts surrounding the Accounting Request Letter by Leventhal and investigation thereof and refusal by K & S in the April 2nd Letter and the April 5th Letter;

h.   Facts surrounding the April 2004 Second Special Litigation Committee Report and investigation and

i.   Facts surrounding the K & S May 2004 Letter.

**WHEREFORE**, as more specifically supported by Leventhal's Brief and Memorandum in Support of this Motion, Leventhal prays that this Court enter an Order disqualifying the law firm of King and Spalding and each and every attorney who is employed by, a partner in, or "of counsel" to K & S from representing the Post, and of legal representation of any director, officer or employee of K & S, in the above-styled matter, order independent counsel for Post or make other provisions, as the Court deems appropriate, and grant such other and further relief as this Court deems proper and just.

This the 14th day of January, 2005.

RESPECTFULLY SUBMITTED:
Plaintiff:

RONALD S. LEVENTHAL
*In Propria Persona*

Post Office Box 680096
Marietta, Georgia 30068-0096
Telephone: (770) 578-0123
Telecopier: (770) 578-6514
C:\My Doc\Post\Derivative Action\Motion to Disqualify K & S v_4.doc

- 23 -

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **RONALD S. LEVENTHAL,** an Individual, Directly, Derivatively on behalf of Post Properties, Inc., a Georgia corporation, and Representatively on behalf of all other similarly situated Shareholders of Post Properties, Inc., a Georgia corporation, | : : : : : : : : | **CIVIL ACTION FILE NUMBER: 1:04-CV-1445-JTC** |
| **Plaintiff,** | : : | |
| v. | : : | |
| **ROBERT C. GODDARD, III,** an Individual and as Chairman of the Board of Post Properties, Inc., a Georgia corporation, **DAVID P. STOCKERT,** an Individual, **SHERRY W. COHEN,** an Individual, **JOHN T. GLOVER,** an Individual, **CHRISTOPHER J. PAPA,** an Individual, **THOMAS D. SENKBEIL,** an Individual, and **THOMAS L. WILKES,** an Individual, | : : : : : : : : : : | **JUDGE JACK T. CAMP** **VERIFICATION** |
| **Defendants,** | : : | |
| **AND POST PROPERTIES, INC.,** a Georgia corporation, | : : : | |
| **Indispensable Party and Nominal Defendant.** | : : | |

**January 14, 2005**

## VERIFICATION

STATE OF GEORGIA )
                       ) ss:
COUNTY OF COBB    )

Before the undersigned officer, authorized by law to administer and to attest oaths, personally appeared the Affiant, RONALD S. LEVENTHAL, who after first being duly sworn, on oath deposes and states that he is the Movant in the within MOTION TO DISQUALIFY THE LAW FIRM OF KING AND SPALDING LLP (INCLUDING ITS PARTNERS) AS COUNSEL FOR INDISPENSABLE PARTY AND NOMINAL DEFENDANT POST PROPERTIES, INC. and that the statements as averred in the foregoing MOTION TO DISQUALIFY THE LAW FIRM OF KING AND SPALDING LLP (INCLUDING ITS PARTNERS) AS COUNSEL FOR INDISPENSABLE PARTY AND NOMINAL DEFENDANT POST PROPERTIES, INC. are true and correct to the best of the knowledge and belief of the Affiant, except as to those matters stated to be averred on information, belief or opinion, and as to those matters the Affiant believes them to be true.

FURTHER AFFIANT SAYETH NOT.

AFFIANT:

RONALD S. LEVENTHAL

Sworn to and subscribed before me
this 14th day of January, 2005.

Notary Public
My Commission Expires: 9-18-06
[NOTARY SEAL]

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## <u>ATLANTA DIVISION</u>

| | |
|---|---|
| **RONALD S. LEVENTHAL**, an Individual, Directly, Derivatively on behalf of Post Properties, Inc., a Georgia corporation, and Representatively on behalf of all other similarly situated Shareholders of Post Properties, Inc., a Georgia corporation, : : : : : : : | **CIVIL ACTION FILE NUMBER** <br><br> **1:04-CV-1445-JTC** |
|         **Plaintiff,** : | |
| : | |
| **v.** : | **JUDGE JACK T. CAMP** |
| : | |
| **ROBERT C. GODDARD, III,** an Individual and as Chairman of the Board of Post Properties, Inc., a Georgia corporation, **DAVID P. STOCKERT,** an Individual, **SHERRY W. COHEN,** an Individual, **JOHN T. GLOVER,** an Individual, **CHRISTOPHER J. PAPA**, an Individual, **THOMAS D. SENKBEIL,** an Individual, and **THOMAS L. WILKES,** an Individual, : : : : : : : : : : : : | **CERTIFICATE OF COMPLIANCE** |
|         **Defendants,** : | |
| : | |
| **AND POST PROPERTIES, INC.,** a Georgia corporation, : : | |
| : | |
|         **Indispensable Party and Nominal.** : : | |
| : | |
|         **Defendant.** : | |

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1D, N.D. Ga., Plaintiff hereby certifies that this MOTION TO DISQUALIFY THE LAW FIRM OF KING AND SPALDING LLP (INCLUDING ITS PARTNERS) AS COUNSEL FOR INDISPENSABLE PARTY AND NOMINAL DEFENDANT POST PROPERTIES, INC. has been prepared with Times New Roman, 14 Point, approved by this Court in L.R. 5.1B, N.D. Ga., and with a one and one half (1½") inch top and one (1") inch left margin, as approved by this Court in L.R. 5.1 C, N.D. Ga.

This 14th day of January, 2005.

Ronald S. Leventhal
*In Propria Persona*

Post Office Box 680096
Marietta, Georgia 30068-0096
Telephone:  (770) 578-0123
Telecopier:  (770) 578-6514
rsleventhal@interfinancial.net