FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 1 0 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ORIGINAL

| | |
|---|---|
| **RONALD S. LEVENTHAL**, an Individual, Directly, Derivatively on behalf of Post Properties, Inc., a Georgia corporation, and Representatively on behalf of all other similarly situated Shareholders of Post Properties, Inc., a Georgia corporation, | : |
| **Plaintiff-Appellant,** | **CIVIL ACTION FILE NUMBER:** |
| v. | **1:04-CV-1445-JTC** |
| **ROBERT C. GODDARD, III**, an Individual and as Chairman of the Board of Post Properties, Inc., a Georgia corporation, **DAVID P. STOCKERT**, an Individual, **SHERRY W. COHEN**, an Individual, **JOHN T. GLOVER**, an Individual, **CHRISTOPHER J. PAPA**, an Individual, **THOMAS D. SENKBEIL**, an Individual, and **THOMAS L. WILKES**, an Individual, | **JUDGE JACK T. CAMP** |
| **Defendants-Appellees,** | **NOTICE OF APPEAL** |
| **AND POST PROPERTIES, INC.**, a Georgia corporation, | |
| **Indispensable Party and Nominal Defendant-Appellee.** | |

**March 10, 2006**

## NOTICE OF APPEAL

**COMES NOW**, Ronald S. Leventhal ("**Leventhal**" or "**Appellant**"), proceeding pro se, and pursuant to FRAP, 11th Circuit Rule 4(a)(1)(A), timely files this NOTICE OF APPEAL (the "**Notice**"), hereby appealing to the United States Court of Appeals for the Eleventh Circuit from the Order entered, by the United States District Court, Northern District of Georgia, Atlanta Division, on February 9, 2006. A true, correct and complete copy of the February 9, 2006 Order of the District Court is attached to this Notice as "Exhibit 1" and made a part hereof.

Pursuant to Federal Rules of Appellate Procedure ("**FRAP**"), 11th Circuit Rules, Rule 3(d), Appellant requests this District Court serve notification of the filing of this Notice by mailing a copy to each party's counsel of record, and submit a copy of the Notice and of the Docket entries to the Clerk of the Eleventh Circuit Court. Appellant further encloses a check in the amount of Two Hundred Fifty Five Dollars ($255.00) pursuant to Rule 3(e) for filing of the Notice.

Appellant requests that the District Court Clerk omit nothing from the record, and number all the documents and send all documents in the record to the Eleventh Circuit Clerk. Please also notify the Eleventh Circuit Clerk and all parties of the filing date of the record, once it is complete, pursuant to Rule 4(a)(1)(A).

This the 10th day of March, 2006.

Respectfully Submitted,

RONALD S. LEVENTHAL
*Pro se*

One Overton Park, Suite 1150
3625 Cumberland Boulevard
Atlanta, Georgia 30339
Telephone:   (770) 272-7600
Telecopier:   (770) 272-7460

T:\My Doc\Post\Derivative Action\Notice of Appeal to 11th Circuit v_1.doc

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**RONALD S. LEVENTHAL,** an Individual, Directly, Derivatively on behalf of Post Properties, Inc., a Georgia corporation, and Representatively on behalf of all other similarly situated Shareholders of Post Properties, Inc., a Georgia corporation,

    **Plaintiff,**

v.

**ROBERT C. GODDARD, III,** an Individual and as Chairman of the Board of Post Properties, Inc., a Georgia corporation, **DAVID P. STOCKERT,** an Individual, **SHERRY W. COHEN,** an Individual, **JOHN T. GLOVER,** an Individual, **CHRISTOPHER J. PAPA,** an Individual, **THOMAS D. SENKBEIL,** an Individual, and **THOMAS L. WILKES,** an Individual,

    **Defendants,**

**AND POST PROPERTIES, INC.,** a Georgia corporation,

    **Indispensable Party and Nominal Defendant.**

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**CIVIL ACTION NUMBER**

**1:04-CV-1445-JTC**

**JUDGE JACK T. CAMP**

**CERTIFICATE OF COMPLIANCE**

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1D, N.D. Ga., Plaintiff certifies that this NOTICE OF APPEAL has been prepared with a font and point selections of Times New Roman, 14 point, as approved by this Court in L.R. 5.1B, N.D. Ga. and with a one and one-half (1 ½) inch top and a one (1) inch left margin, as approved by this Court in L.R. 5.1C., N.D. Ga.

This 10th day of March, 2006.

Ronald S. Leventhal
*Pro se*

One Overton Park, Suite 1150
3625 Cumberland Boulevard
Atlanta, Georgia 30339
Telephone: (770) 272-7600
Telecopier: (770) 272-7460

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

RONALD S. LEVENTHAL, an
individual, directly; derivatively on
behalf of Post Properties, Inc., a
Georgia corporation; and
representatively on behalf of all
other similarly situated
shareholders of Post Properties,
Inc., a Georgia corporation,

    Plaintiff

      v.

DAVID P. STOCKERT; SHERRY W.
COHEN; JOHN T. GLOVER;
CHRISTOPHER J. PAPA; THOMAS
D. SENKBEIL; THOMAS L.
WILKES; POST PROPERTIES,
INC.; and ROBERT C. GODDARD,
III, as an individual and as
Chairman of the Board of Post
Properties, Inc.,

    Defendants.

CIVIL ACTION
NO. 1:04-CV-1445-JTC

## O R D E R

Pending before the Court are Defendant Post Properties, Inc.'s ("Post")

motion for reasonable expenses [# 79] and Defendants Robert C. Goddard, III,

David P. Stockert, Sherry W. Cohen, John T. Glover, Christopher J. Papa,

Thomas D. Senkbeil, and Thomas L. Wilkes's (collectively the "Individual



EXHIBIT
1

Defendants") brief in support of Post's motion for reasonable expenses [# 80].

Defendants contend that, pursuant to O.C.G.A. § 14-2-746, the Court should

award the Defendants' fees and expenses incurred in defending this action.

The Court **GRANTS** Defendants' motion [# 79].

## I.  Background

Nominal Defendant Post is a Georgia Corporation, which operates as a

real estate investment trust engaged in the development and management of

apartment communities.  The Individual Defendants are all former or current

officers and directors of Post.  In May of 2003, Amy Vasquez filed a

shareholder derivative suit against Post and its board members, alleging

corporate mismanagement.  Weeks later, another shareholder, Clem Fowler

filed a derivative suit against the same defendants, alleging similar claims as

Vasquez.  The Superior Court consolidated these two lawsuits.  In July of

2003, the parties reached a preliminary agreement settling the claims.

On December 17, 2003, Plaintiff Ronald S. Leventhal purchased one

hundred shares of Post through "The Ronald Leventhal Special Disability

Account," and one hundred shares through Cumberland Creek Properties,

Inc., a company owned by members of the Leventhal family.  Leventhal

purchased an additional fifty shares through "The Ronald Leventhal Special

Disability Account" in January of 2004.

Upon purchasing the shares of Post, Leventhal began sending letters to Post's management. On February 4, 2004, less than one month after purchasing his shares of Post, Leventhal made an "official demand" pursuant to Georgia Code section 14-2-742 for the board of directors to undertake an investigation into the concerns Leventhal raised in his letter. Subsequently, Leventhal instigated this purported derivative and direct class action *pro se* in the Superior Court of Fulton County on May 13, 2004. The Complaint contained 218 sprawling paragraphs, asserting numerous causes of action against Post and its officers and directors, including claims for corporate waste and mismanagement. Leventhal asserted these claims derivatively on behalf of Post and as a class action on behalf of other shareholders. Defendants timely removed this action based on federal question jurisdiction on May 21, 2004.

Immediately upon removal, Leventhal began filing numerous motions *pro se* with this Court, including, among others, a motion to disqualify King & Spalding LLP, a motion for inspection of records, a motion to immediately commence discovery, and a motion to strike. After the Court denied Leventhal's motion to remand, Defendants moved to dismiss this action on numerous grounds, including that Leventhal could not maintain a derivative action *pro se*. Subsequently, Leventhal amended his Complaint, adding an

additionally seventy-seven paragraphs to his already lengthy complaint, and

Defendants moved to dismiss the Amended Complaint. In the face of

Defendants' motion to dismiss, Leventhal continued filing baseless motions

with this Court and continued to maintain that he could in fact proceed with

this action *pro se*. On April 19, 2005, the Court granted the Defendants'

motions to dismiss [# 78]. In that Order, the Court dismissed Counts I

through XII of Leventhal's Amended Complaint without prejudice because, as

a matter of law, a shareholder may not prosecute a derivative action or class

action *pro se*. The Order also remanded the final Count, Count XIII, back to

the Superior Court of Fulton County. The case is now before the Court on

Defendants' motions for costs and fees.

## II.   Analysis

Under the United States' approach to attorney fees, commonly referred

to as the "American Rule," "the prevailing litigant is ordinarily not entitled to

collect a reasonable attorneys' fee from the loser." <u>Alyeska Pipeline Serv. Co.

v. Wilderness Soc'y</u>, 421 U.S. 240, 247 (1975). Congress and state legislatures,

however, have specifically provided for the recovery of attorneys' fees under

certain circumstances. Defendants contend that they are entitled to fees

pursuant to one such statute, O.C.G.A. § 14-2-746(2). O.C.G.A. § 14-2-746

states, in relevant part that:

4

> On *termination* of the derivative proceeding the court may . . . (2) [o]rder the plaintiff to pay any defendant's reasonable expenses (including attorneys' fees) incurred in defending the proceeding if it finds that the proceeding was *commenced or maintained without reasonable cause or for an improper purpose.*

O.C.G.A. § 14-2-746 (emphasis added). Pursuant to this statute a court may award a defendant his or her attorneys' fees after the termination of a derivative proceeding where the court determines that the plaintiff commenced or maintained the lawsuit without reasonable cause or for an improper purpose. Prior to awarding attorneys' fees under O.C.G.A. § 14-2-746, a court must make a specific factual finding that the derivative action was brought or maintained without reasonable cause or for an improper purpose. O.C.G.A. § 14-2-746; Rothenberg, 736 F.2d at 1473 n.5 (interpreting former O.C.G.A. § 14-2-123(f), the predecessor to O.C.G.A. § 14-2-746, and requiring "a specific finding, and adequate underlying factual findings" that the derivative action was brought "without reasonable cause").

**A. The Court has terminated the derivative proceedings in this case**

A threshold requirement of O.C.G.A. § 14-2-746 is that the court awarding attorneys' fees terminate a derivative proceeding. Leventhal does not dispute that he asserted claims derivatively; rather, he argues that because the Court dismissed the underlying proceeding without prejudice, the

5

Court did not terminate the proceeding within the meaning O.C.G.A. § 14-2-746. The Court has found no Georgia or Eleventh Circuit authority addressing the meaning of "termination" as it is used in O.C.G.A. § 14-2-746, and no relevant legislative history sheds light on the exact meaning of the term.

Leventhal contends that the Court should rely upon the interpretation of a similar term in Georgia's abusive litigation statute, O.C.G.A. § 51-7-84(b). That section creates an independent cause of action for abuse of litigation after "the final termination of the proceeding in which the alleged abusive litigation occurred." O.C.G.A. § 51-7-84(b); Hallman v. Emory Univ., 483 S.E.2d 362, 365 (Ga. Ct. App. 1997)("OCGA § 51-7-80 et seq. is an independent cause of action based upon the successful termination of the action upon which it is based and is not procedurally ancillary and post-judgment . . . ."). The Georgia Court of Appeals has construed "final termination" in that statute to mean "an adjudication on the merits so that the action cannot be recommenced." Land v. Boone, 594 S.E.2d 741, 744 (Ga. Ct. App. 2004). This Court is unpersuaded by Leventhal's argument and now holds that a dismissal without prejudice, under the facts of this case, constitutes a "termination" for purposes of O.C.G.A. § 14-2-746.

In contrast to O.C.G.A. § 51-7-84(b), the statute pursuant to which

Defendants seek an award of attorneys' fees, O.C.G.A. § 14-2-746, is procedurally ancillary to the underlying case. Pursuant O.C.G.A. § 14-2-746 a party may move the Court in which the action was brought for an award of fees after the Court terminates the proceedings. And unlike O.C.G.A. § 51-7-84(b), the party need not initiate a separate cause of action. Plainly stated, O.C.G.A. §51-7-84(b) requires the termination of the claim or cause of action which is the basis of the abusive litigation claim; O.C.G.A. §14-2-746 requires termination of the specific proceeding maintained without reasonable cause.

Additionally, the Court's interpretation of the phrase "on termination" is supported by the relevant Georgia authority. In <u>Petkas v. Piedmont-Lindberg Corp.</u>, 259 S.E.2d 713 (Ga. Ct. App. 1979), the Georgia Court of Appeals analyzed former Business Corporation Code section 22-615(e), a predecessor to O.C.G.A. § 14-2-746.[1] This former statute required a "final judgment" before a court could allow a party to recover their reasonable

_____

[1] Business Corporation Code section 22-615 can be traced forward to the current Code section 14-2-746. Code section 22-615 was actually first replaced by former Code sections 14-2-123(e) & (f). The comment to Code section 14-2-746 states that it replaces the former Code section 14-2-123(e) & (f). The comment goes on to say that "[s]ubsection (2) continues the approach of former § 14-2-123(f) and provides that on termination of a proceeding the court may require the complainant to pay the defendant's reasonable expenses, including attorneys' fees, if it finds that the proceeding 'was commenced or maintained without reasonable cause or for an improper purpose.'"

7

expenses. After the plaintiff in <u>Petkas</u> voluntarily dismissed his case, the defendant moved for the recovery of its expenses. Plaintiff argued that the voluntary dismissal was not a "final judgment" within the meaning of the statute because he could raise the same claim in a subsequent action. The Georgia Court of Appeals disagreed, holding that plaintiff's voluntary dismissal was a "final judgment" for purposes of the statute because "a contrary holding would obviously frustrate the purpose of the statute." <u>Id.</u>

<u>Petkas</u> emphasized that the purpose of awarding expenses under this statute is to prevent baseless derivative litigation. Holding that this Court's dismissal of the underlying derivative action without prejudice is not a "termination" would clearly frustrate that purpose as it would fail to encompass a situation where a corporation is forced to spend significant resources defending against a suit, no matter how frivolous, if the Court ultimately dismisses the complaint for procedural reasons that require a dismissal without prejudice. Accordingly, the Court finds that the dismissal of Leventhal's claim without prejudice effectively serves as a "termination of the derivative proceeding," and Defendants may recover their reasonable expenses incurred in this proceeding if Plaintiff commenced or maintained the action without reasonable cause or for an improper purpose.

**B. Leventhal maintained this action without reasonable cause**

The Court may award reasonable expenses where it finds that "the proceeding was commenced or maintained without reasonable cause . . . ." O.C.G.A. § 14-2-746(2). The "reasonable cause" language in O.C.G.A. § 14-2-746 presents an objective test that asks whether or not the plaintiff was reasonable in instituting or maintaining the suit. See Computer Maint. Corp. v. Tilley, 322 S.E.2d 533, 539 (Ga. Ct. App. 1984) (analyzing the "reasonable cause" language from the predecessor to Code section 14-2-746 and holding that, because the trial court ruled that the plaintiff lacked standing to bring the derivative action, the suit was brought without reasonable cause as a matter of law).

Leventhal initiated and continues to pursue this shareholder derivative action without an attorney. Even after being placed on notice by Defendants' motion to dismiss that he could not prosecute this case *pro se*, Leventhal continued to file motions with the Court, amended his Complaint, and, when faced with Defendants' motion to dismiss, as well as this Court's Order dismissing his Amended Complaint, Leventhal continued to maintain that he could proceed *pro se*. Leventhal, however, fails to cite any authority suggesting that a court would allow a plaintiff to maintain a derivative action

9

*pro se*, and the great weight of authority supports the Court's holding that because a corporation may appear in a federal court only through an attorney, the special nature of a shareholder's derivative suit requires that a shareholder bringing such an action must have an attorney. See Phillips v. Tobin, 548 F.2d 408, 411-12 (2nd Cir. 1976) (reversing the district court's denial of a corporation's and its individual directors' motions to dismiss a *pro se* derivative and class complaint); Pridgen v. Andresen, 113 F.3d 391, 393 (2nd Cir. 1997).[2] Additionally, Georgia state courts, where Leventhal initially instigated his derivative action, only permit licensed attorneys to represent corporations. See Eckles v. Atlanta Tech. Group., Inc., 257 Ga. 801, 805 (1997). In fact, the Georgia Court of Appeals recently discussed the very issue of whether Leventhal could maintain this action *pro se* under Georgia law. See Leventhal v. Post Properties, Inc., No. A05A1155, 2005 WL 3149258, at *3 (Ga. Ct. App. Nov. 23, 2005). After determining that Leventhal's Complaint asserted a number of derivative claims, and that those claims

---

[2] See Page v. United States, 49 Fed. Cl. 521, 528-29 (Fed. Cl. 2001) ("To maintain a shareholder derivative action in this court, a shareholder must be represented by counsel."); First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1291-92 (Fed. Cir. 1999); Robinette v. Lynch, No. 3:97cv0353, 1998 WL 641815, at *2 (N.D. Tex. Sept. 16, 1998); Weaver v. New York, 7 F. Supp. 2d 234, 237 (W.D.N.Y. 1998) ("It is also well established that a layperson may not appear *pro se* to pursue a shareholder's derivative suit.").

belonged to Post, and not Leventhal, the Court stated that:

> Leventhal lacked standing to assert those derivative claims without counsel as only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record. Nothing in the appellate record or in Leventhal's briefs indicates that he met that requirement.

Leventhal, No. A05A1155, 2005 WL 3149258, at *3.

By continuing this complex derivative proceeding *pro se* after being put on notice of the legal requirement that it must be prosecuted by an attorney, Leventhal maintained this action without reasonable cause. Although the Eleventh Circuit has yet to directly address the question of whether a shareholder may proceed *pro se* in a derivative suit, the Eleventh Circuit's silence is not significant in light of the overwhelming authority, including the Georgia Supreme Court, supporting the Court's holding and Leventhal's failure to cite any relevant authority to the contrary.   The Court finds that Leventhal acted unreasonably by ignoring the ample case law that requires a derivative plaintiff to bring and maintain an action with counsel. Leventhal's insistence on maintaining this action *pro se* caused Defendants to exhaust a tremendous amount of resources defending against this action as Leventhal continuously filed frivolous motions with this Court that, presumably, a licensed attorney would not have submitted. And by flooding the docket with frivolous motions, Leventhal not only caused Defendants to exhaust

significant resources litigating this case, but wasted the judicial resources of this Court.

Additionally, the Court finds that while, ultimately, the Court dismissed Leventhal's Amended Complaint without prejudice as a result of his insistence on bringing and maintaining the action *pro se*, Defendants moved to dismiss the Amended Complaint on numerous other grounds, many of which were also meritorious grounds for dismissing Leventhal's Amended Complaint. For example, as Defendants correctly maintain in their motion to dismiss, Leventhal lacked standing to challenge many of the decisions and events upon which Leventhal basis his Amended Complaint because he was not a shareholder at the time of the act or omission of which he complains, thereby violating Georgia's contemporaneous ownership rule. See O.C.G.A. § 14-2-741("A shareholder may not commence or maintain a derivative proceedings unless the shareholder . . . [w]as a shareholder of the corporation at the time of the act or omission complained of . . . ."); Leventhal, No. A05A1155, 2005 WL 3149258, at *2-3 n.1. In fact, the purpose behind Georgia's contemporaneous ownership rule - to prevent the purchase of litigation - appears to be exactly what Leventhal did in this case. See Leventhal, No. A05A1155, 2005 WL 3149258, at *1 (noting that Leventhal purchased his shares of Post stock with knowledge of a consolidated derivative suit against

12

Post in the Superior Court, Fulton County).

In deference to Leventhal's *pro se* status and the strong policy behind a citizen's right to bring his or her complaint to court, the Court does not find that Plaintiff commenced this action without reasonable cause. The Court, however, finds that Leventhal maintained this action without reasonable cause after the date Defendants filed their motion to dismiss, and, as a result, Leventhal must pay the Defendants' reasonable expenses incurred in defending this proceeding after October 4, 2004. Because the Court determines that an award of reasonable expenses is warranted in this case as the result of Leventhal maintaining this action without reasonable cause, the Court need not examine whether Leventhal commenced or maintained this action for an improper purpose.

## IV.    Conclusion

The Court **GRANTS** Defendants' motions for reasonable expenses [#'s 79 & 80]. The Court also **GRANTS** Post's motion for temporary relief from Local Rule 54.2A(2) [# 89]. The Court **DIRECTS** the parties to confer within ten (10) days of entry of this Order and attempt to reach an agreement as to a reasonable amount of expenses in this case. If the parties are unable to reach an agreement, the Court **DIRECTS** Defendants to submit a request for their reasonable expenses with proper supporting documentation within twenty (20)

days of entry of this Court's Order. The Court will then determine the reasonable costs and attorneys' fees incurred by Defendants. Plaintiff's request for an evidentiary hearing and discovery with respect to the Defendant's Motion for Reasonable Expenses [#s 84 & 88] is **DENIED**.

**SO ORDERED**, this __9th__ day of February, 2006.

/s/ Jack Camp
JACK T. CAMP
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**RONALD S. LEVENTHAL**, an Individual, Directly, Derivatively on behalf of Post Properties, Inc., a Georgia corporation, and Representatively on behalf of all other similarly situated Shareholders of Post Properties, Inc., a Georgia corporation,

    **Plaintiff,**

v.

**ROBERT C. GODDARD, III**, an Individual and as Chairman of the Board of Post Properties, Inc., a Georgia corporation, **DAVID P. STOCKERT**, an Individual, **SHERRY W. COHEN**, an Individual, **JOHN T. GLOVER**, an Individual, **CHRISTOPHER J. PAPA**, an Individual, **THOMAS D. SENKBEIL**, an Individual, and **THOMAS L. WILKES**, an Individual,

    **Defendants,**

**AND POST PROPERTIES, INC.**, a Georgia corporation,

    **Indispensable Party and Nominal Defendant.**

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**CIVIL ACTION NUMBER**

**1:04-CV-1445-JTC**

**JUDGE JACK T. CAMP**

**CERTIFICATE OF SERVICE**

# CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the original of the within and foregoing NOTICE OF APPEAL with the Clerk of the United States District Court and five (5) copies for sending by the Clerk of the United States District Court, and served all parties to this matter, by placing a true, correct and complete copy of same, enclosed in an envelope, deposited in the United States Mail, prepaid first class postage affixed thereon, addressed as follows:

The Honorable Luther B. Thomas
Clerk of the United States District Court
Northern District of Georgia
2211 U. S. Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303

Mr. John L. Latham
Mr. Craig H. Kuglar
Attorneys at Law
ALSTON & BIRD, LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309

Mr. M. Robert Thornton
Mr. B. Warren Pope
Ms. Tracy C. Braintwain
Attorneys at Law
KING & SPALDING, LLP
Forty-Second (42nd) Floor
191 Peachtree Street
Atlanta, Georgia 30303-1763

Mr. Cary Ichter
Attorney at Law
THOMPSON HINES LLP
One Atlantic Place, Suite 2200
1201 West Peachtree Street
Atlanta, Georgia 30309-3449

Mr. Cary Ichter
Attorney at Law
BALCH & BINGHAM, LLP
14 Piedmont Center, Suite 1100
3535 Piedmont Road
Atlanta, Georgia 30305

This the 10th day of March, 2006.

Ronald S. Leventhal